IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.   09-CR-0138-002-CVE |
| v. ) | |
| ) | USM Number: 10677-062 |
| LEONEL LEDEZMA, ) | |
|   aka "Leo," ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion to amend judgment and sentence to order designation of a Bureau of Prisons facility (Dkt. # 410). Defendant requests modification of the judgment to order the Bureau of Prisons to designate a prison facility as close to Tulsa, Oklahoma, as possible.

On November 12, 2010, defendant appeared for sentencing following his plea of guilty to Count One – Conspiracy to Possess with Intent to Distribute and Distribute Five Kilograms or More of Cocaine and 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii) and (viii). Defendant was sentenced to 97 months in the custody of the Bureau of Prisons. When sentenced, the Court recommended participation in the Residential Drug Abuse Treatment Program but made no recommendation to the Bureau of Prisons as to the place of confinement.

The Court does not have the authority to amend the judgment. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); see United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for

resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request); United States v. Blackwell, 81 F.3d 945, 947, 949 (10th Cir.1996) (holding a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so, so a district court does not have inherent power to resentence defendants at any time); 18 U.S.C. § 3582(b). See also Fed. R. Crim. P. 35(a) – Correcting or Reducing a Sentence; United States v. Green, 405 F.3d 1180 (10th Cir. 2005) (district court did not have jurisdiction to resentence defendant more than [fourteen] days after imposition of sentence). Further, in the federal prison system, the authority to designate the place of a prisoner's incarceration rests with the Bureau of Prisons. 18 U.S.C. § 3621(b). Defendant's request for modification of judgment to designate a place of confinement must be dismissed for lack of jurisdiction. The Court may, however, make a non-binding recommendation to the Bureau of Prisons as to the place of confinement for a defendant. See § 3621(b)(4). **IT IS THEREFORE ORDERED** that defendant's motion to amend judgment and sentence to order designation of a Bureau of Prisons facility (Dkt. # 410) is **dismissed for lack of jurisdiction**.

**IT IS FURTHER RECOMMENDED** that the Bureau of Prisons designate a facility as close to Tulsa, Oklahoma, as possible, provided said location provides the defendant the opportunity to participate in the Residential Drug Abuse Treatment Program.

**IT IS SO ORDERED** this 1st day of December, 2010.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT